# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00386-CR
## NO. 03-08-00387-CR

**John Pesina, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT**
**NOS. D-1-DC-08-900115 & D-1-DC-08-900116**
**HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In each of these causes, appellant John Pesina pleaded guilty to murder, true to the allegation that he used a deadly weapon, and true to the allegation that he had previously been convicted of a felony. The district court adjudged him guilty in both cases and assessed two concurrent life sentences.

Appellant does not challenge the propriety of the convictions or the sentences. Instead, in his only point of error, appellant urges that the judgments should be reformed to accurately state his pleas and the trial court's findings on the enhancement allegations. The judgments contain these entries: "Plea to 1st Enhancement Paragraph: N/A" and "Findings on 1st Enhancement Paragraph: N/A." Appellant contends that the judgments should state that he

pleaded true to the first enhancement paragraph, and that the trial court found that paragraph to be true.[1] The State agrees that appellant pleaded true to the enhancement paragraph, but it asserts that the record does not support appellant's contention that the trial court found that paragraph to be true.

During the April 25, 2008, proceeding at which appellant entered his pleas, the trial court asked him, "So you understand that plea of guilty and pleas of true mean that you are going to be facing 15 to life with an affirmative finding of a deadly weapon?" Appellant assured the court that he understood this. At another point in the proceeding, the court remarked that the minimum punishment in these causes was fifteen years. *See* Tex. Penal Code Ann. § 12.42(c)(1) (West Supp. 2008). The court imposed sentence on May 13, 2008, after hearing evidence and argument. After remarking that appellant is "an individual that's been to prison before," the court announced:

> In each of these cases, which is Cause Number D-1-DC-08-900116, based upon your plea of guilty to the offense alleged in Count III [2] and your plea of true alleged in the first enhancement allegation which alleges the offense of burglary, and in Cause Number D-1-DC-08-900115, based upon your offense alleged in Count III there which the first one alleged murder of Pedro Solis and in the second case that ends in 115 which alleges the death—murder of Bertin Perez and your plea of true to the enhancement allegation of burglary of a habitation, sir, in each case, I assess your punishment at confinement for life . . . .

---

[1] Each indictment contained a second enhancement paragraph that was abandoned by the State at the time appellant entered his pleas.

[2] Each indictment contained four counts alleging murder under four different theories. The other counts were abandoned by the State.

2

The trial court never expressly stated that it found the enhancement allegation to be true. The statements quoted above, however, plainly reflect that the court found that appellant had been previously convicted of burglary as alleged in the enhancement paragraph, and that the court took that previous conviction into account in assessing punishment. The State draws our attention to "case status" documents in the clerk's records in which, under the heading "Disposition," the trial court appears to have drawn lines through the words "Enhanced/Habitual." Insofar as this suggests that the court did not find the enhancement paragraph to be true, it is contradicted by the court's statements at trial as shown in the reporter's record.

The judgments of conviction are modified to state that appellant entered a plea of true to the first enhancement paragraph and that the trial court found that paragraph to be true. As modified, the judgments are affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Waldrop and Henson

Modified and, as Modified, Affirmed

Filed: January 15, 2009

Do Not Publish